NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1698
_____

ANTHONY E. PROCTOR,
Appellant

v.

SGT. JAMES; S. ELLENBERGER; BOBBI JO SALAMON; DAVID LINK
TAMMY FERGUSON; SGT. MCCULLOUGH; TIMOTHY GRAHAM;
JENNIFER ROSSMAN; SHAWN WIGGINS; ROBIN LEWIS; LT. LUCIANO;
C.O. HAMMERS; WILBERT MATHEWS; C. DANISON; D. SERGEANT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-01666)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 29, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Anthony Proctor appeals from the District Court's order dismissing his amended complaint. For the reasons discussed below, we will affirm.

I.

Proctor filed a civil rights action against the defendants in August 2016. The District Court dismissed two of Proctor's claims with prejudice because they were barred by the statute of limitations, as they involved incidents in May 2013 and June 2014. The District Court dismissed the remaining claims without prejudice and directed the filing of an amended complaint.

In his amended complaint, Proctor, who describes himself as African American, alleged that he was assaulted by a Caucasian inmate named Sherman in January 2015. Proctor fought back until Sherman lay unconscious on the floor. Proctor alleged that Sergeant McCullough witnessed the incident and failed to protect him, and later issued him a misconduct for this incident despite the fact that Proctor was acting in self-defense. Proctor also alleged that defendants Luciano, James, and Hammers either encouraged Sherman to assault Proctor, or deliberately ignored their knowledge of Sherman's plans to assault Proctor.

Proctor further alleged that Hearing Examiner Ellenberger improperly found Proctor guilty of the misconduct without supporting evidence, and in retaliation for Proctor's refusal to sign a waiver allowing Ellenberger to view a surveillance video of the incident. Proctor alleged that the defendants on the Program Review Committee (PRC) failed to overturn the finding of guilt on administrative appeal because of his race. He

2

was ultimately sanctioned to 60 days' confinement in the Restricted Housing Unit (RHU). Sherman received 120 days' disciplinary confinement for his role.

Proctor alleged that when he attempted to file his initial complaint in this case, the defendants intercepted the prison mail bag containing the complaint. Finally, he alleged that Unit Manager Danison and Unit Counselor Sergeant improperly provided Proctor with an unfavorable parole recommendation. Proctor brought claims under 42 U.S.C. § 1983 that the defendants violated his First Amendment, Eighth Amendment, due process, and equal protection rights.

The defendants filed a motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion and dismissed the complaint for failure to state a claim. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contained "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

The District Court properly dismissed all of Proctor's claims. First, Proctor has argued only the merits of the claims that the District Court dismissed on statute of

limitation grounds, despite this Court's order directing the parties to brief the limitations issue. Accordingly, Proctor has waived any argument regarding the timeliness of these claims. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal").[1]

Proctor's Eighth Amendment claims, based on Sherman's assault of Proctor, lack merit. "To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir.1997)).

Proctor failed to make any plausible allegation that the defendants knew or should have known that Sherman posed a risk to Proctor's safety prior to the assault, or failed to intervene after the assault began. Proctor's complaint does not allege that there were any previous problems between Proctor and Sherman, or that Sherman had any history of violent assaults. Proctor vaguely alleges that Sergeant McCullough saw Sherman "lying in wait" prior to the attack, but does not provide any factual details to support that

---

[1] Moreover, the record supports the conclusion that these claims were untimely. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons. Stat. Ann. § 5524(2).

4

allegation; and that allegation contradicts Proctor's description of the attack as a surprise "ambush." Moreover, Proctor admits that Sergeant McCullough gave multiple orders to cease fighting while other correctional officers rushed to the scene after the assault commenced. Proctor's allegation that defendants Luciano, James, and Hammers were "surprised" to find Sherman unconscious after the fight is insufficient to support Proctor's conclusory assertion that these defendants knew of or supported any alleged plan by Sherman to assault Proctor.[2]

The District Court properly dismissed Proctor's due process claims, as he failed to allege that he was deprived of a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484 (1995). Proctor's due process claims stem from his disciplinary sanction of 60 days' confinement in the RHU. He does not allege that any conditions of that confinement involved an atypical and significant hardship sufficient to create a protected liberty interest. See id. We have held that significantly longer stays in restrictive confinement did not implicate a prisoner's liberty interests under otherwise similar circumstances. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (seven months in disciplinary confinement). To the extent that Proctor alleged due process claims based on the PRC defendants' handling of his grievances and appeals, those too fail because

---

[2] Proctor's allegations that these defendants made improper remarks regarding the fight are insufficient to state a claim. Some of these alleged remarks—including gleeful comments regarding the harm Proctor inflicted upon Sherman—may be offensive. But such verbal remarks, standing alone, do not violate the Eighth Amendment. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612

5

access to prison grievance procedures is not constitutionally required.  See Massey v.

Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance

procedure confers no liberty interest on a prisoner.").

Proctor's retaliation claims also lack merit.  Proctor was required to allege that the

conduct provoking the alleged retaliation was constitutionally protected, that he suffered

some "adverse action" at the hands of the prison officials "'sufficient to deter a person of

ordinary firmness from exercising his [constitutional] rights,'" and that the

constitutionally protected conduct was a substantial or motivating factor in the

defendants' conduct.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in

original) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  Proctor failed

to allege that he engaged in any constitutionally protected conduct prior to being issued

the misconduct or negative parole recommendation.  To the extent that his refusal to sign

a waiver allowing Hearing Examiner Ellenberger to view a surveillance video of the

incident is constitutionally protected, Proctor failed to plausibly allege that Ellenberger's

finding of guilt was motivated by this refusal, rather than by Proctor's admitted fighting

with Sherman.

Proctor's equal protection claims fail because he did not allege that he "has been

treated differently from persons who are similarly situated." Williams v. Morton, 343

F.3d 212, 221 (3d Cir. 2003); see also City of Cleburne v. Cleburne Living Ctr., 473 U.S.

432, 439-40 (1985).  There are no plausible allegations that any of the defendants

---

(7th Cir. 2000).                                6

engaged in intentional or purposeful discrimination, or that Proctor was treated differently from similarly situated individuals on the basis of his race. While Proctor was issued a misconduct following the altercation with Sherman, the amended complaint indicates that both prisoners were issued disciplinary charges, and that Sherman received double the amount of disciplinary custody time. Although the misconduct may have adversely affected Proctor's chance for parole, there is no allegation regarding any other similarly situated prisoner's parole consideration.

Proctor's claim that the defendants violated his right of access to the courts by intercepting his legal mail also lacks merit. Proctor failed to plausibly allege that any defendant was personally involved in the alleged confiscation. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Even if he had, to state an access to the courts claim, the plaintiff must demonstrate that he suffered an actual injury, meaning his "efforts to pursue a legal claim" were prejudiced. Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). Here, Proctor admits that the intercepted complaint was eventually received by the District Court, was voluntarily withdrawn by Proctor, and, in any event, raised the same claims as his amended complaint. Therefore, Proctor did not allege an actual injury, and the dismissal of his access to the courts claims was proper.

Finally, under the circumstances of this case, the District Court properly denied leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will affirm the judgment of the District Court.

7